**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHRISTINE BELL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | _____ |
| | ) | |
| | ) | **COMPLAINT AND** |
| ATLANTA POLICE OFFICER | ) | **JURY TRIAL DEMAND** |
| KAMARI WOODS | ) | |
| In His Individual Capacity, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>COMPLAINT</u>

COMES NOW, Plaintiff Christine Bell and files this Complaint for damages under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. In support thereof, Plaintiffs state as follows:

### INTRODUCTION

1. On April 1, 2024, Plaintiff Bell was arrested by Defendant Woods for an outstanding warrant.

2. The warrant was another person and Defendant Woods had no reasonably objective belief that Christine Bell was the person sought by the warrant.

## PARTIES

3. Plaintiff Christine Bell is a resident of Georgia.

4. Defendant Kamari Woods was employed by the City of Atlanta as a police officer in April 2024. At all times relevant to this lawsuit, Defendant Woods acted under the color of state law.

## JURISDICTION AND VENUE

5. This case presents a federal question under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the Constitution. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

6. Upon service of process, this Court acquires personal jurisdiction of the Defendant under Fed. R. Civ. P. 4(k)(1)(a).

7. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b) because all acts occurred within said District.

## FACTUAL ALLEGATIONS

8. On April 1, 2024, Plaintiff Bell was travelling home with her three children.

9. Defendant Woods pulled over Plaintiff Bell when he believed that the owner of the vehicle had a warrant for her arrest in Dekalb County.

10. The warrant was for a woman named Christal Bell.

11. When Plaintiff denied ever being in trouble in Dekalb County, Defendant

Woods radioed in to verify warrant details.

12. The warrant came back as to Christal Bell, DOB 1-18-91, 5 foot 4 inches and 135 lbs.

13. Plaintiff Christine Bell has no matching data to the suspect wanted by the warrant.

14. When Defendant Woods called in to verify the warrant, he had Plaintiff's license in front of him that showed Plaintiff's date of birth was 1-18-88, Plaintiff was 5 foot 1 inches and weighed 185 lbs.

15. The first names, dates of birth, the heights and weights show no similarity between Plaintiff and the subject being sought by the warrant such to give Defendant Woods probable cause or even reasonable suspicion to arrest Plaintiff.

16. At this point in the encounter, any objective reasonable suspicion that Plaintiff was wanted by the warrant for Christal Bell was dispelled by Defendant Woods' investigation of the warrant details.

**COUNT I**
*Illegal Seizure/Illegal Arrest*
*Under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments*

17. Plaintiff incorporates paragraphs 8 through 16 as if fully set forth herein.

18. Defendant fits the definition of a person for the purposes of a Section 1983

action for damages.

19. At all times material hereto, Defendant's actions and/or omissions were made under the color of authority and law as a police officer for the city of Atlanta.

20. On or about April 1, 2024, Defendant Woods violated Plaintiff's clearly established constitutional rights, to wit: by seizing her without probable cause.

21. Defendant Woods violated Plaintiff's Fourth and/or Fourteenth Amendment Rights under the United States Constitution to be free from illegal seizure.

22. There was no reasonably objective probable cause to arrest Plaintiff.

23. Defendant Woods demonstrated a deliberate indifference to and/or reckless disregard of Plaintiff's civil and constitutional rights by arresting Plaintiff without probable cause.

24. Plaintiff suffered mental trauma, psychological distress and loss of freedom as a result of the illegal arrest by Defendant Woods.

25. Defendant Woods' actions were not undertaken in good faith.

26. On April 1, 2024, the law was clearly established that law enforcement officers were prohibited from seizing persons without probable cause.

27. Defendant Woods' actions, as described herein, were malicious, oppressive,

and taken with reckless disregard to Plaintiff's constitutional rights such that Plaintiff may recover punitive damages against Defendant Woods.

WHEREFORE, Plaintiff demands the following:

a) That this action be tried by a jury;

b) That judgment be entered in favor of Plaintiff and against Defendant in an amount to be determined by the enlightened conscience of fair and impartial jurors to the extent allowed by law;

c) That Plaintiff be awarded nominal, compensatory, special, and punitive damages when applicable;

d) That Plaintiff be awarded attorneys' fees under 42 U.S.C. § 1988 where applicable;

e) That all costs of this action be taxed against Defendant; and

f) That the Court award any additional or alternative legal or equitable relief as may be deemed appropriate under the circumstances.

<u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury on this matter on all counts to which Plaintiff is entitled to a jury.

Respectfully submitted this 12th day of January, 2025.

Respectfully Submitted,

/s/ Matthew Gebhardt_____
Matthew Gebhardt, Georgia Bar#812697
Gebhardt Law Firm, LLC
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
(404) 998-2234
Fax: (888) 248-0767
matt@gebhardtlawfirm.com
**ATTORNEY FOR PLAINTIFF**

-6-